# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

MINE SAFETY APPLIANCES ) 
COMPANY, )
 )
Plaintiff, )
 )
v. ) C.A. No. N10C-07-241 MMJ
 )
AIU INSURANCE COMPANY, et al., )
Defendants. )
 )

Submitted: August 6, 2014
Decided: September 19, 2014

Upon Defendant AIG Insurers' Exceptions to the July 16, 2014 Ruling of the
Special Discovery Master
**DENIED**

## ORDER

**JOHNSTON, J.**

On March 10, 2014, the Special Discovery Master ("Special Master") issued a Memorandum Opinion ("March 10 Order") that granted Plaintiff Mine Safety Appliances Company's ("MSA") Motion to Compel a second Rule 30(b)(6) deposition of the representative of three defendants affiliated with AIG Insurers (collectively "AIG").

On June 10, 2014, MSA filed a Motion to Sanction AIG for Refusing to Comply with the Court's March 10, 2014 Order. AIG opposed MSA's motion for sanctions, and on June 27, 2014, AIG filed a cross-motion for a protective order, sanctions, and costs. After briefing on both motions, oral argument was presented to the Special Master on July 10, 2014.

On July 16, 2014, the Special Master issued an Order ("July 16 Order") granting in part MSA's motion for sanctions, and denying AIG's cross-motion for a protective order, sanctions, and costs. The Special Master: (1) concluded that AIG failed to comply with the March 10 Order by refusing to produce Ms. Korsgaard or another Rule 30(b)(6) designee for a second deposition; (2) ordered AIG to produce Ms. Korsgaard or another designee for such deposition as soon as practicable; and (3) recommended that the Court issue an order requiring that AIG reimburse MSA for 100 percent of its attorneys' fees and costs in bringing the motion for sanctions and in responding to AIG's motion for a protective order, and pay 100 percent of the Special Master's fees associated with the motion and cross-motion.

On July 24, 2014, AIG filed Exceptions to the Special Master's July 16 Order. In its Exceptions, AIG asserts: (1) AIG should not be sanctioned for its failure to comply with the March 10 Order because MSA failed to properly meet and confer before filing its Motion for Sanctions; (2) AIG should not be sanctioned

2

for requesting a list of topics to be discussed during the second Rule 30(b)(6) deposition; and (3) AIG should not be liable for sanctions for filing its cross-motion.

In response, MSA argues that it did satisfy its meet and confer obligations under Rule 37, and that MSA is entitled to attorneys' fees incurred in responding to AIG's cross-motion.

The Order of Reference to Special Master, dated December 5, 2012, establishes the Court's proceedings when a party files an exception to a decision of the Special Master during the course of this litigation. The Court reviews *de novo* the Special Master's Ruling.[1] The Order of Reference also states that the Special Master may recommend to the Court that the prevailing party on a discovery motion be awarded costs including reasonable attorneys' fees.[2] The Court will be the final arbiter of any award of attorneys' fees.[3]

As to AIG's Exceptions, the Court finds that MSA did not fail to properly meet and confer before filing its motion for sanctions. As the Special Master reasoned in the July 16 Order, MSA filed the appropriate Rule 37(e)(1) certification setting forth MSA's attempts to discuss deposition dates and AIG's May 30, 2014 refusal. The Court finds that under the totality of the circumstances,

---

[1] Trans. ID 48202156
[2] *Id.*
[3] *Id.*

AIG's May 30, 2014 unequivocal refusal to produce a witness for a second Rule 30(b)(6) deposition eliminated any additional meet and confer requirements on the part of MSA.

The Court also finds that AIG is not being sanctioned for requesting a list of topics to be discussed during the second Rule 30(b)(6) deposition. As discussed in the Special Master's July 16 Order, it was AIG's failure to comply with MSA's request to schedule the second Rule 30(b)(6) deposition that necessitated the imposition of sanctions.

Finally, the Court concludes that AIG should be sanctioned for its cross-motion. In accordance with the Special Master's reasoning, the Court does not find that the cross-motion for protective order was substantially justified, or that other circumstances make sanctions unjust.

The Court finds that the Special Master carefully considered all issues raised by the parties. The July 16, 2014 Order is consistent with applicable legal precedent and the Delaware Superior Court Civil Rules. This Court is not persuaded by any exceptions to the ruling. Upon *de novo* review, the Court finds the Special Master's recommendation for sanctions to be well-reasoned.

**THEREFORE**, the Special Discovery Master's July 16, 2014 Ruling is hereby **APPROVED**. All exceptions are hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*_____
The Honorable Mary M. Johnston